UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES, | Civil No. 12cv1777 LAB (NLS) |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| L.S. McEWEN, | [Doc. No. 16] |
| Defendants. | |

Petitioner Ronnie Jones, a state prisoner proceeding pro se, filed a habeas petition contesting the constitutionality of his confinement due to ineffective assistance of counsel. Petitioner asks the court to appoint counsel to represent him on his habeas petition. He argues that the court should appoint counsel because he cannot afford to hire an attorney. The court has considered Petitioner's request and **DENIES** without prejudice his motion to appoint counsel.

**Right to Counsel.**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Id.* at 1177; *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). When no evidentiary hearing is necessary, appointment of counsel is discretionary. *Id.* In the Ninth Circuit,

indigent prisoners are not entitled to appointed counsel unless counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.

Here, Petitioner has sufficiently represented himself to date. It appears that Petitioner has a good grasp of this case and the legal issues involved. At this point the issues do not appear so complex such that Petitioner cannot litigate them. Also, it is not evident at this time that an evidentiary hearing is necessary. Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

**Petitions Filed by *Pro Se* Litigants.**

Federal courts highly protect a pro se petitioner's rights. *Knaubert*, 791 F.2d at 729 (citation omitted). The court must construe a pro se petition more liberally than a petition drafted by counsel. *Id.* It must also "scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." *Id.* Even if the court accepts a state court's factual findings, it must draw its own legal conclusion regarding the legality of the incarceration. *Id.* The appellate court will review the district court's conclusion de novo. *Id.*

The court acknowledges that counsel can provide valuable assistance: "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." *Knaubert*, 791 F.2d at 729. The court, however, also notes that "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Id.*

This court will review the trial record independently, draw its own legal conclusion and inform itself of the relevant law. Therefore, the additional assistance counsel could provide, while significant, is not compelling. Also, Petitioner has already sufficiently pleaded his claims, warranting this court's order directing Respondent to file an answer or other responsive pleading. The court finds that Petitioner, at this point, is capable to litigate the claims in his habeas petition.

/ / /

/ / /

/ / /

1  Here, the "interests of justice" do not compel the appointment of counsel. Accordingly,
2  Petitioner's request for appointment of counsel is **DENIED** without prejudice.
3  **IT IS SO ORDERED.**
4  DATED: May 1, 2013

*[signature]*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court