UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES,<br><br>　　　　　　Plaintiff,<br>v.<br>L.S. McEWEN,<br>　　　　　　Defendants. | Civil No. 12cv1777 LAB (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. No. 9] |

　　　Ronnie Jones ("Petitioner") is a California prisoner serving a term of 32 years and eight months for unpremeditated attempted murder, assault with intent to commit rape, assault with a deadly weapon, attempted forcible sodomy, and making a criminal threat. He filed this Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. Petitioner claims his trial counsel was ineffective for failing to warn him about "the disadvantages of accepting a bench trial instead of the more favorable benefits of a jury trial."  (Petition at 6.)

　　　Respondent filed a motion to dismiss the Petition as time barred under 28 U.S.C. § 2244(d).  (Resp.'s Mem. of P. & A. at 4-7.)  Petitioner filed an opposition, arguing that because his contention was not part of the trial record, a procedural default should not bar this Court from hearing the merits of his ineffective assistance of counsel claim.  (Opp'n at 3-4.)  After thorough review, the Court **RECOMMENDS** that Respondent's Motion be **GRANTED** and that the Petition be dismissed **with prejudice**.

## PROCEDURAL HISTORY

**The Conviction.**

The trial court found Petitioner guilty of unpremeditated attempted murder, assault with intent to commit rape, assault with a deadly weapon, attempted forcible rape, attempted forcible sodomy, and making a criminal threat. (Lodgement 6 at 1.) The court also found true allegations that Petitioner inflicted great bodily injury and used a deadly weapon (hammer) during the commission of all but the assault with a deadly weapon offense. (Lodgement 6 at 2.) Additionally, Petitioner admitted having one prior strike conviction, one prior serious felony conviction, and four prior prison convictions. (Lodgement 6 at 2.)

On October 1, 2008 the trial court sentenced Petitioner to an aggregate term of 32 years and eight months. (Lodgment 8 at 1.) The sentence consisted of the upper term of nine years for the assault with intent to commit rape offense, doubled to 18 years for the prior strike conviction, plus one year for the deadly weapon use enhancement, three years for the great bodily injury enhancement, two years and eight months for the assault with intent to commit rape offense, five years for the prior serious felony conviction, and three years for three of the four prior prison convictions. (Lodgment 8 at 2.) The trial court stayed execution of the sentence on the remaining counts. (Lodgment 8 at 2.)

**The Direct Appeal.**

On March 5, 2009, Petitioner appealed the judgment, raising only one claim: that his conviction for attempted forcible rape had to be reversed because it was a lesser included offense of his conviction for assault with intent to commit rape. (Lodgement 6 at 2.) The California Court of Appeal agreed with Petitioner, and on October 29, 2009, reversed his conviction for attempted forcible rape, and remanded the case back to the trial court to strike the count. (Lodgment 6 at 5.) On April 8, 2010, the trial court struck the respective count, but Petitioner's sentence was otherwise unaffected. (Lodgment 8 at 2.)

///

**Petitions for Collateral Review.**

    **1.    State Habeas Corpus Petition in Superior Court**.

On February 16, 2011, Petitioner filed his first habeas corpus petition in the State Superior Court.[1] (Lodgment 7.) Petitioner presented two claims, one of which is presented in the current Petition. Specifically, Petitioner claimed: (1) ineffective assistance of counsel for failing to warn him of the disadvantages of accepting a bench trial rather than a jury trial; and (2) the court that conducted Petitioner's preliminary hearing was prejudiced against him because it possessed information about his prior criminal history. (Lodgment 7 at 3-4.) The court denied the petition on April 25, 2011 because Petitioner did not submit objective documentation or evidence to support either of his contentions. (Lodgment 8 at 3.) Specifically, the court noted that Petitioner failed to show that trial counsel coerced him into proceeding with a bench trial, and even if he had established improper persuasion, Petitioner did not demonstrate he suffered any resulting prejudice. Additionally, Petitioner did not provide any evidence that the preliminary hearing court was biased against him. (Lodgment 8 at 4.)

    **2.    State Habeas Corpus Petition in California Court of Appeal.**

On August 21, 2011, Petitioner filed a habeas corpus petition in the Court of Appeal, repeating the claims made in his habeas corpus petition to the Superior Court. (Lodgment 9 at 3-4.) On October 5, 2011, the appellate court denied his petition, noting that Petitioner did not show his decision to waive his right to a jury trial was anything other than knowing and voluntary, and that he failed to establish any prejudice by the preliminary hearing court. (Lodgement 10 at 2.)

    **3.    State Habeas Corpus Petition in California Supreme Court.**

On February 17, 2012, Petitioner filed a habeas corpus petition in the California

---

[1] Under the mailbox rule, federal and state habeas petitions are deemed filed at the time they are delivered to prison authorities for forwarding to the court. *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). Absent other proof, this Court adopts the date Petitioner signed the declaration of mailing for the purpose of determining when a petition was filed in calculating the tolling period. *See Bui v. Hedgpeth*, 516 F. Supp.2d 1170, 1172 (C.D. Cal. 2007), *citing Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

Supreme Court raising the same two claims as in his two previous petitions.[2] (Lodgment 11 at 3-4.) On June 13, 2012, the court denied the petition without comment. (Lodgment 12.)

### 4. Federal Habeas Petition in District Court.

On July 10, 2012, Petitioner filed the Petition now before this court. He alleges only one claim: ineffective assistance of trial counsel for failing to warn him of the disadvantages of accepting a bench trial rather than a jury trial. (Petition at 6.) On December 18, 2012, Respondent filed a Motion to Dismiss, arguing the Petition is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). (Resp.'s Mem. of P. & A. at 4-7.) Petitioner filed an opposition to the motion on February 27, 2013, asserting that because his contention was not part of the trial record, a procedural default should not bar this Court from hearing the merits of his ineffective assistance of counsel claim. (Opp'n at 3-4.)

## DISCUSSION

### I. Statute of Limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Petition because it was filed after the effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). AEDPA imposes a one-year period of limitation on petitioners to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d). The relevant section reads:

> (1) A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Petitioner did not sign the declaration of mailing; therefore, this Court adopts the date the Petitioner signed the petition for the purpose of determining when the petition was filed with the California Supreme Court in calculating the tolling period.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.  Date Conviction Became Final.

Absent any exceptions, the statute of limitations starts the date the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). If an appellate court partially reverses a defendant's conviction and expressly remands to the lower court, the judgment does not become final until the lower court enters an amended judgment and the time for appealing that judgment expires. *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000). Petitioner was sentenced on October 1, 2008 and six months later appealed to the California Court of Appeal. The court partially reversed the judgment and remanded to the trial court to strike Petitioner's conviction for attempted forcible rape. The trial court struck the respective count and entered an amended judgment on April 8, 2010. Petitioner did not pursue any further appeals and his conviction became final on June 7, 2010, sixty days after the amended judgment was entered. *See* Cal. R. Ct. 8.308(a). *See also Magwood v. Patterson*, -- U.S. --, 130 S. Ct. 2788, 2801 (2010); *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2010). Unless Petitioner can show he is entitled to statutory or equitable tolling, the statute of limitations for filing his federal habeas petition expired on June 7, 2011, one year after the amended judgment issued.[3]

---

[3] Petitioner argues that pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), a procedural default should not bar this Court from hearing the merits of his ineffective assistance of counsel claim. A procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial only if, under state law, claims of ineffective assistance of counsel cannot be raised on direct appeal. *Id.* at 1320. In California, claims of this nature can be raised on direct appeal; therefore *Martinez* is not applicable to this situation. *See People v. Ledesma*, 43 Cal.3d 171, 218 (1987).

**B.     No Later Start Date Applies**.

Pursuant to Fed. R. Civ. P. 6(a), the statute of limitations begins to run the day after the judgment becomes final, unless one of three statutory exceptions under AEDPA applies. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Here, none of the exceptions are applicable: there was no state impediment to Petitioner seeking further relief; his claims do not rely on a new constitutional right determined by the United States Supreme Court to be retroactive; and the factual predicate for his claims was apparent at the time his conviction was final.[4]  Thus, the statute of limitations began to run on June 8, 2010, and absent tolling, expired one year later on June 7, 2011.

## II.     Tolling.

### A.     Statutory Tolling.

A petitioner's statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). The "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," provided the petitions are properly filed and pending that entire time. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). The time between the denial of one petition and the filing of the next is included in the tolling only if the next petition is timely filed in a higher court. *Delhomme v. Ramirez*, 340 F.3d 817, 818-19 (9th Cir. 2003). Statutory tolling is not available for the period a petition is under consideration if it is untimely filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005). Absent a clear indication that a petition was timely, the federal court must decide whether the filing was made within what California would consider a "reasonable time." *Evans v. Chavis*, 546 U.S. 189, 198 (2006), *citing Carey v. Saffold*, 536 U.S. 214, 221 (2002). A period of 30 to 60 days is reasonable, while a 6-month unexplained delay will likely be deemed "unreasonable." *Evans*, 546 U.S. at 201.

---

[4] The limitations period begins when the petitioner has knowledge of the important facts, not when the petitioner recognizes their legal significance. *Hanson v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001).

Petitioner is entitled to some statutory tolling, although not enough to cover the period of time necessary to find the federal petition timely filed. Petitioner's statutory limitation period began on June 8, 2010. Petitioner filed his first State Superior Court habeas corpus petition on February 16, 2011, 254 days later. Once filed, 110 days remained in the limitation period. The Superior Court denied the petition on April 25, 2011.

Petitioner then filed a habeas corpus petition in the California Court of Appeal on August 21, 2011, 117 days later. Statutory tolling is only available during the period between the denial of one petition and the filing of the next if the petition is timely filed in the higher court. *Delhomme*, 340 F.3d at 818-19. Pursuant to *Evans*, this Court must examine the delay and determine what the state courts would have held with respect to timeliness, keeping in mind that California's system functions in ways sufficiently like other state systems of collateral review, which provide time periods of 30 to 60 days between filings. *Id.* at 198-200, 201. Petitioner's delay of 117 days was longer than the 30 to 60 days that most other states allow. Unexplained gaps as short as 115 days and 101 days between habeas petitions have been held unreasonable under state law. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (91 day gap unreasonable); *Culver v. Dir. of Corr.*, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97 day gaps unreasonable). Additionally, Petitioner's habeas petition offered no justification for the delay as required under California law. *In re Swain*, 34 Cal. 2d 300, 304 (1949). As a result, statutory tolling was unavailable anytime after April 25, 2011. At that time, Petitioner had 110 days remaining in the limitations period. He did not file his petition with the Court of Appeal until August 21, 2011, seven days after the federal limitation period expired.[5]

///

---

[5] Although the petition was filed seven days after the expiration of the limitation period, the Court of Appeal did not deny the petition as untimely, rather the court denied it because Petitioner failed to show documentary support for his claims. (Lodgment 10.)

Because the petition to the Court of Appeal was not timely filed, statutory tolling was not available for the period the petition was under consideration. *See Pace*, 544 U.S. at 413-14. The court denied the petition on October 5, 2011, 45 days later. On February 17, 2012, 135 days after his petition was denied by the Court of Appeal, Petitioner filed a habeas corpus petition in the California Supreme Court. The court denied his petition on June 13, 2012. Petitioner filed the instant Petition on July 10, 2012, 331 days after the limitation period expired.[6] Therefore, statutory tolling alone will not allow the Court to deem the instant Petition as timely filed.[7]

### B. Equitable Tolling.

The one-year limitations period under AEDPA is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2554 (2010). Petitioner bears the burden to prove that equitable tolling is appropriate, and must establish (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). The determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent." *Espinoza-Matthews*, 432 F.3d at 102, *citing Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). Further, equitable tolling "is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Although not alleged in the instant filing, in each of his state habeas corpus petitions, Petitioner says he suffers from several mental and psychological defects. (*E.g.*, Lodgment 11 at 9.) The court construes this as a claim to support extraordinary circumstances for equitable tolling. While equitable tolling is permissible when a

---

[6] Because the petition to the California Supreme Court was not timely filed, statutory tolling was unavailable for the period the petition was under consideration. *See Pace*, 544 U.S. at 413-14.

[7] Put another way, the total number of days that elapsed between the conviction becoming final on April 8, 2010, and the filing of the federal habeas petition on July 10, 2012, is 823 days. In order to be timely, Petitioner would have had to show 458 days of statutory tolling. Counting all tolling potentially available, Petitioner only has 69 days of tolling, attributable to the time his state habeas corpus petition was under review by the California Superior Court, which is 389 days short of the 458 days he would have needed.

petitioner can show a mental impairment, the condition must be so severe as to cause the petitioner to fail to meet the filing deadline despite the petitioner's diligence. *Bills v. Clark*, 628 F.3d 1092, 1097, 1100 (9th Cir. 2010). In support of his state habeas corpus petitions, Petitioner submitted several postjudgment mental health evaluations by the State Department of Corrections and Rehabilitation indicating he suffered from hypertension and periodic depression, and needed substance abuse treatment. (*E.g.*, Lodgment 11, attached exhibits.) Additionally, the probation officer's report prepared for sentencing reflects that Petitioner has an extensive drug and criminal history and has been diagnosed with attention deficit disorder and hypertension. (Lodgment 10 at 2.) Pursuant to *Bills*, however, Petitioner fails to demonstrate that his metal defects were so severe as to make it impossible for him to meet the filing deadlines despite his due diligence. *Id.* at 1099-1101. Therefore, Petitioner's mental defects are not a basis to apply equitable tolling. In sum, Petitioner does not show any diligence or point to any extraordinary circumstances that stood in his way of filing; thus, he is not entitled to equitable tolling.

## CONCLUSION

For all of the foregoing reasons, **IT IS RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss; and (3) dismissing the Petition with prejudice.

**IT IS ORDERED** that no later than **June 7, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///
///

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with
2  the Court and served on all parties no later than **June 17, 2013**.  The parties are advised
3  that failure to file objections with the specified time may waive the right to raise those
4  objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th
5  Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).
6  DATED:  May 15, 2013

*[Signature]*
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court