# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES,<br><br>                   Petitioner,<br>  vs.<br><br>L.S. McEWEN, et al.,<br><br>                   Respondent. | CASE NO. 12cv1777-LAB (BGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Ronnie Jones, a prisoner in state custody, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72, this matter was referred to Magistrate Judge Nita Stormes for report and recommendation. Respondent filed a motion to dismiss, which Jones opposed. Judge Stormes issued her report and recommendation (the "R&R") on May 15, 2013.

The R&R concluded that Jones' petition was time-barred under AEDPA, and that tolling wasn't available. Objections to the R&R were due by June 7, 2013, a deadline Jones missed. Replies to objections were due by June 17. By a motion dated June 24 but not received by the Court until July 16, Jones said he needed more time because the prison was on lockdown and he had no access to the prison law library, or writing or mailing supplies. The motion claimed it was being submitted in advance of the objection deadline (which

Jones said was June 17), but in fact the motion wasn't dated until a week later, June 24. The motion requested an extension of time until July 17, 2013.

The Court's order also noted that Jones hadn't shown good cause for missing the deadline, because the lockdown he blamed as the cause didn't occur until June 11, four days after the deadline had passed. And, it is equally clear, Jones regained access to writing materials at least as early as June 24. At the very least, the order noted, Jones should have been able to file a request for an extension before the June 7 deadline. Nevertheless, mindful of the policy favoring decisions on the merits, the Court granted an extension. In view of the late date at which the request was received, the Court on July 22 granted an extension until August 6, 2013 for Jones to file his opposition.

Since then, over three weeks have passed and Jones has not filed any objection to the R&R, nor has he sought additional time in which to do so, nor sought relief in any other way from the August 6 deadline. The R&R cautioned Jones that failure to file objections within the time permitted may waive the right to raise those objections on appeal.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id*.

When no objections are filed, the Court need not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). That is the case here. The Court has, however, reviewed the R&R and finds its reasoning sound.

Because Jones' petition is time-barred by 458 days and made no adequate showing he was entitled to either statutory or equitable tolling (other than 69 days of tolling while his

petition was pending before the state supreme court), it is clear the petition must be denied. Although Jones made reference to mental and psychological defects, which the R&R liberally construed as a claim he is entitled to tolling, his conditions didn't prevent him from litigating his claims in state court, nor did he adequately raise them before the state court, nor has he relied on them as a basis for seeking extensions of time in this Court. It may be for this reason that Jones has simply given up on filing objections to the R&R. The Court therefore **ADOPTS** the unobjected-to R&R.

While it may be of little comfort to Jones, the Court also notes that his claim appears to fail on the merits. At trial, Jones waived jury and was convicted after a bench trial. He later claimed that his counsel failed to explain the advantages of a jury trial.[1] Even supposing Jones could show his counsel was ineffective in failing to so advise him, he never showed any prejudice. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984) ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.") That is, there was no reason to believe that although a judge convicted him, it was reasonably probable a jury would have acquitted him. *See Osborn v. Belleque*, 385 Fed. Appx. 701, 703 (9th Cir. 2010) (observing that petitioner whose counsel allegedly failed to advice him adequately about jury waiver couldn't show prejudice, because a jury was no more likely to acquit than the trial judge was). To find this claim meritorious would have required the Court to set aside factual several layers of findings by

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] It is worth noting that one common reason for criminal defendants to waive jury is because they would prefer a more dispassionate trier of fact who has experience dealing with crimes many jurors would find repugnant. Jones was accused of plying a 58-year-old woman with crack cocaine, following her uninvited into her bedroom and attempting to rape her, then hitting her on the head with a hammer repeatedly when she refused his advances. Under these circumstances, many experienced criminal defense attorneys would urge their clients to waive jury.

the state courts, which can only be done if a very high standard is met. *See Miller–El v. Cockrell,* 537 U.S. 322, 340 (2003) (citing § 2254(e)(1) and (d)(2)).

The petition is **DENIED** and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: August 15, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge