# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES, <br><br> Plaintiff, <br> vs. <br><br> L.S. McEWEN, et al., <br><br> Defendants. | CASE NO. 12cv1777-LAB (BGS) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

On August 16, 2013, after Petitioner Ronnie Jones failed to object to the report and recommendation ("R&R") which recommended denying his petition for writ of habeas corpus, the Court adopted the R&R and denied the petition.

The Court's order denying the petition agreed with the R&R that Jones' petition was time-barred under AEDPA by over a year and he had made no adequate showing of entitlement to tolling. The order then went on to explain why, even if the Court had reached the merits, his claim would fail.

Jones has now submitted for filing a document he calls his objections to the R&R, along with a letter to the court clerk. The letter claims Jones in fact mailed his objections to the R&R, and says he is enclosing the "mailroom legal status CDC 119 which show[s] the date of mailing." No such document is enclosed.

/ / /

The Court accepted Jones' objections as a motion for reconsideration pursuant to Fed. R. Civ. P. 59 or 60. This pleading does not, for the most part, address the R&R or anything in it. Instead, Jones argues that the Court does not realize that he is being assisted by a fellow inmate, serving as a "jailhouse lawyer," and that he is not truly proceeding *pro se*. The signature of his fellow inmate is on his objections. Jones argues that because he is not a lawyer, he has been unable to prepare or file his petition or any filings throughout either state or federal proceedings.

Federal habeas petitioners have no right to counsel, *see Penn. v. Finley*, 481 U.S. 551, 555–57 (1987) (no right to counsel on federal habeas review), and courts know that many, if not most petitioners have no legal training or counsel. *See Jihad v. Hvass*, 267 F.3d 803, 806–07 (8th Cir. 2001). This Court and other courts set deadlines with this in mind, and Congress in enacting AEDPA is presumed to have considered these equities when it imposed the one-year limitations period. *See id.*

The Court is also aware that inmates commonly rely on jailhouse lawyers. But at the same time, the petition is Jones's, not the jailhouse lawyer's, and Jones is the one responsible for what it says and for seeing that pleadings are submitted on time. The fact that Jones is being assisted by a jailhouse lawyer instead of not being assisted at all does not entitle him to tolling under AEDPA, nor does it excuse his failure to file objections or other pleadings when told by the Court to do so. If anything, reliance on a jailhouse lawyer should make it easier for him to file documents. Jones does not identify any errors his jailhouse lawyer made, or any other way he might have been delayed or harmed by reliance on his jailhouse lawyer's advice. But even if he had, that would not entitle him to tolling. *See Chaffer v. Prosper,* 592 F.3d 1046, 1049 (9th Cir. 2010) (reliance on another inmate to prepare and file a habeas petition does not warrant equitable tolling). *See also Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (petitioner's ignorance of or confusion about the law would not entitle him to tolling).

The sole objection Jones now seeks to make to the R&R is that he is a mental patient who is incapable of representing himself, and that this shows good cause for tolling AEDPA's

limitations period. (Mot. for Recons., 2–3.) He also says he suffers from "mental disorder defects." (*Id*. at 3.) The R&R addressed all these points.

The R&R liberally construed Jones's mentions of mental orders or defects in his state habeas petitions as a request for equitable tolling. (R&R, 8:19–9:15.) In support of those petitions, he submitted documents showing he suffered from hypertension and periodic depression, and needed substance abuse treatment. (*Id.*, 9:3–7.) He also provided a probation officer's report showing he had an extensive drug and chemical history, and had been diagnosed with attention deficit disorder and hypertension. (*Id.*, 9:7-9.) The time frame of these is not completely clear; the Court of Appeal merely noted they referred to post-conviction documents. (Lodgment 89, 3:23–25.) That court did, however, find that the documents he submitted did not amount to "objective documentation or evidence to support his contentions," and that the documents "do not suggest any underlying conditions or psychological defects" relevant to a claim that his jury waiver was involuntary. (*Id*. at 3:22–26.)

To show entitlement to holding based on a mental impairment, the condition must be so severe that it causes the petitioner to fail to meet filing deadlines despite his diligence. *See Stancle v. Clay*, 692 F.3d 948, 951 (9th Cir. 2012); *Bills v. Clark*, 628 F.3d 1092, 1097, 1100 (9th Cir. 2010). To merit further factual development, Jones would at least have had to make good-faith allegations that, if true, would entitle him to equitable tolling. *See Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). A bare allegation of mental defect or disorder, without more, would not show this. In addition, the Court is required to accept the state courts' adjudication of facts unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e). The Court therefore accepts the Court of Appeal's determination that Jones had no serious long-term impairment that affected him at the time of his conviction.

Jones never explained the lateness of his petitions to the state courts or gave them a reasonable opportunity to determine whether he had a good excuse for the large gaps between rounds of collateral review. His mental defect claims were offered in support of his argument that his jury waiver was less than knowing and intelligent, and he never offered

any evidence or explanation in an effort to show those limitations prevented him from timely filing his petitions. This court's factual review is limited to the record there. *See Bell v. Uribe*, ___ F.3d __, 2013 WL 4750069, slip op. at *1 n.1 (9th Cir. 2013) ("Federal habeas review 'is limited to the record that was before the state court that adjudicated the claim on the merits.'") (quoting *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011)).

Under *Bills*, the question is whether Jones, despite his diligence, was mentally unable to do what AEDPA required, "*i.e.,* understand the need to file within the limitations period, and submit a minimally adequate habeas petition." 628 F.3d at 1100. Here, the record shows Jones pursued his claims through state habeas review. He now attests, under penalty of perjury, that he was assisted in this process by a jailhouse lawyer. (Mot. for Recons., 1–2.) This is not helpful to his cause, however, because the availability of assistance mitigates his own mental limitations. *See Stancle*, 692 F.3d at 959 (where petitioner was able to pursue relief in state court with the assistance of a jailhouse lawyer, his own mental impairment did not make it impossible for him to meet filing deadlines). *See also Bills*, 628 F.3d at 1100 (explaining that tolling analysis considers "the totality of the circumstances, including reasonably available access to assistance"). Even if the Court were to receive and consider new evidence of mental impairment, the fact that Jones was assisted in his state court filings removes his own mental limitations, whatever those might have been at the time, as an explanation for the large gaps between rounds of state habeas review.

As for his failure to object to the R&R, Jones was clearly able to file pleadings in this case on time, and has done so. He was also able, repeatedly, to request extensions of time, which were granted. His motions for extensions of time, and his motion for appointment of counsel did not mention mental impairments. Rather, he pointed to several other reasons to support his requests. (*See* Docket nos. 13 (request for extension of time to oppose motion to dismiss, identifying status as a *pro se* prisoner as the reason); 16 (motion for appointment of counsel, identifying indigence as the reason); 21 (request for extension of time to oppose

/ / /

/ / /

motion to dismiss,[1] identifying lockdown, lack of law library access, and change of address as the reasons).)

Finally, as explained in the Court's order adopting the R&R and denying the petition, Jones's claim would fail on the merits. His sole claim is that his trial counsel didn't adequately advise him about the drawbacks of waiving jury and opting for a bench trial. Even supposing his counsel was deficient in this respect, there was never any showing of prejudice. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984) (holding that any deficiencies in counsel's performance must be prejudicial in order to amount to ineffective assistance of counsel under the Constitution). Finding Jones's claim meritorious would require setting aside several factual layers of findings by the state courts, and the high standard for doing so is far from met here. *See Miller-El v. Cockrell*, 537 U.S. 322,3 40 (2003) (citing § 2254(e)(10 and (d)(2)).

The Court will, however, take the opportunity to clarify its order denying the petition. That order said his petition was time-barred by 458 days and he was only entitled to statutory tolling for 69 of those days. A clearer explanation is this: 254 days after his conviction became final, Jones filed his petition in the California Superior Court. After that was denied, an unexplained gap of 117 days followed before he filed his petition in the California Court of Appeal. During this time, AEDPA's one-year limitations period expired, and Jones is not entitled to statutory tolling for an unexplained gap of that magnitude. (*See* R&R, 7:7–24.) Because the petition in the Court of Appeal was not properly filed, the R&R determined he was not entitled to tolling for that period. (R&R, 8:1–3.) His petition was under consideration by that court for 45 days. After that petition was denied, he waited another 135 days, which he did not explain, before filing his petition in the California Supreme Court. He is not entitled to gap tolling for that period, either. His petition was under consideration by the California Supreme Court for 116 days before being denied without comment. He then waited 27 days before filing his petition in this Court.

---

[1] Because Jones had already opposed the motion to dismiss and the R&R had been issued, the Court construed this as a request to extend time to object to the R&R.

     The R&R concluded AEDPA's one-year limitations period had expired seven days before he filed his petition in the Court of Appeal (R&R, 723–24 and n.5):, but this portion of the R&R is somewhat muddled. It mentioned that the Court of Appeal did not deny his petition as time-barred, but references the federal limitations period, rather than state rules. And its arithmetic appears to be off by one to two days. What is clear, however, is that Jones allowed much more than a year of time to pass, for which he is not entitled to either statutory or equitable tolling. Without giving him credit for the time when improperly-filed petitions were pending in state courts, *see Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("[A] petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception."), his petition in this Court was filed 329 days beyond the one-year limitations period. Even giving him credit for that time, his petition would be 168 days late.

     Reconsideration is **DENIED**.

     **IT IS SO ORDERED**.

DATED: September 16, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge